IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ROBERT F. CALDWELL | § | |
| v. | § | CIVIL ACTION NO. 6:23cv4 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Petitioner Robert Caldwell, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. The petition has been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. Background**

Caldwell was placed on deferred adjudication for aggravated assault on June 17, 1998, in the 7th Judicial District Court of Smith County, Texas. On April 28, 2000, he was adjudicated guilty of this offense, receiving a sentence of 25 years in prison. *See Caldwell v. Dretke*, 429 F.3d 521, 523 (5th Cir. 2005).

Since that time, Caldwell has filed multiple federal habeas corpus petitions challenging this same conviction. *See Caldwell v. Director, TDCJ*, civil action no. 6:02cv443 (E.D.Tex., dismissed with prejudice June 3, 2003, *aff'd in Caldwell*, 429 F.3d at 523; *Caldwell v. Director, TDCJ*, civil action no. 6:09cv138 (E.D.Tex., dismissed as successive April 14, 2009, *appeal dismissed in* slip op. no. 09-40457 (June 5, 2009); *Caldwell v. Director, TDCJ*, civil action no. 6:21cv257 (E.D.Tex., dismissed as successive August 18, 2021).

Caldwell has been sanctioned $300.00 by the Fifth Circuit, consisting of $100.00 sanctions in each of three different cases, for his repetitive filing of frivolous appeals. His current petition includes a letter from the Fifth Circuit advising the district court that a monetary sanction issued on December 13, 2007 has been satisfied. It is not clear if the entire sanction has been satisfied, or only that imposed in one case.

In the present case, Caldwell has been ordered to pay the filing fee or to furnish an application for leave to proceed *in forma pauperis* which has been properly certified by an authorized official of the institution where he is confined, as required by 28 U.S.C. §1915(a)(2). He has not complied with this order.

In any event, however, Caldwell's habeas corpus petition suffers from a more significant flaw. He has filed multiple previous habeas petitions challenging the same conviction, and 28 U.S.C. §2244(b)(3) provides that before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

The on-line records of the Fifth Circuit Court of Appeals do not reflect that Caldwell has sought or received permission from the Fifth Circuit to file a successive petition. Until Caldwell receives permission from the Fifth Circuit Court of Appeals to file a successive petition, the district court lacks jurisdiction to consider his claims in a new habeas petition. *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). Thus, Caldwell's petition should be dismissed until such time as leave to file a successive petition is granted by the Fifth Circuit.

Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. §2253(c)(1)(A). A district court may deny a certificate of appealability *sua sponte* because the district court that denies a petitioner relief is in the best position to determine whether the petitioner

has made a substantial showing of a denial of a constitutional right on the issues before that court. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

A certificate of appealability may only issue if the prisoner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. §2253(c)(2); *Buntion v. Lumpkin*, 982 F.3d 945, 948 (5th Cir. 2020). In order to make that showing, the petitioner must demonstrate that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. *Buck v. Davis*, 137 S.Ct. 759, 773, 197 L.Ed.2d 1 (2017). The Fifth Circuit's review is not a full consideration of the factual or legal bases adduced in support of the petitioner's claims, but rather an examination of whether the district court's decision was debatable. *Buntion*, 982 F.3d at 948, *citing United States v. Davis*, 971 F.3d 524, 530 (5th Cir. 2020).

When a certificate of appealability is denied because of a procedural default in state court, the applicant must further demonstrate that reasonable jurists could disagree with the procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

Caldwell has not shown, nor does the record indicate, that jurists of reason would find it debatable whether the district court was correct in its procedural ruling that the Court lacks jurisdiction because he has not obtained leave from the Fifth Circuit to file a successive petition. Consequently, he is not entitled to a certificate of appealability.

## RECOMMENDATION

It is accordingly recommended that the above-styled application for the writ of habeas corpus be dismissed with prejudice as to its refiling without permission from the Fifth Circuit, but without prejudice as to its refiling once such permission has been obtained. 28 U.S.C. §2244(b)(3). Caldwell may not refile this petition without first obtaining such leave, and the dismissal of this petition shall have no effect upon his right to seek permission from the Fifth Circuit to file a second or successive petition or to pursue such a petition in the event that permission is granted. It is further recommended

that a certificate of appealability be denied *sua sponte*, with such denial referring solely to an appeal of the decision in this case and likewise having no effect upon Caldwell's right to seek permission from the Fifth Circuit to file a successive petition.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

So ORDERED and SIGNED this 15th day of February, 2023.

K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE