UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:23-cv-00004

**Robert F. Caldwell,**
*Petitioner,*

v.

**Director, TDCJ-CID,**
*Respondent.*

### ORDER

Petitioner Robert Caldwell, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding pro se, filed this petition for the writ of habeas corpus challenging the legality of his confinement. The petition has been referred to United States Magistrate Judge K. Nicole Mitchell.

Petitioner was placed on deferred adjudication for aggravated assault on June 17, 1998, and was adjudicated guilty of this offense on April 28, 2000, receiving a sentence of 25 years' imprisonment from the 7th Judicial District Court of Smith County, Texas. He has filed several habeas corpus petitions challenging this conviction. Two of those petitions have been dismissed as successive. Petitioner has also been sanctioned by the Fifth Circuit Court of Appeals for his repetitive filing of frivolous appeals. He satisfied those sanctions.

After reviewing the pleadings, the magistrate judge issued a report recommending that the petition be dismissed as successive. The magistrate judge stated that a habeas corpus petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the application before he files a second or successive petition. 28 U.S.C. § 2244(b)(3). Until petitioner receives permission to file a successive petition, the district court lacks jurisdiction to consider his claims in a new petition. *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).

Petitioner did not allege that he had sought or received permission from the Fifth Circuit to file a successive petition, and the online

records of the Fifth Circuit do not reflect that he has received such permission. Accordingly, the magistrate judge recommended that the petition be dismissed with prejudice as to its refiling without permission from the Fifth Circuit, but without prejudice as to its refiling once such permission is obtained.

In his objections, petitioner asserts that his claims have never been considered on the merits, it would be a miscarriage of justice to keep him incarcerated because (1) he is actually innocent and was convicted of a non-existent offense, (2) he has satisfied the sanctions imposed on him by the Fifth Circuit, and (3) he is entitled to discovery and an evidentiary hearing. Petitioner's objections do not mention the successive nature of his petition, which was the focus of the magistrate judge's report.

Petitioner's first federal habeas petition was dismissed as barred by the statute of limitations, which is considered an adjudication on the merits for purposes of determining whether a subsequent petition is successive. *Caldwell v. Dretke*, 429 F.2d 521, 523 (5th Cir. 2005); *In re Flowers*, 595 F.3d 204, 205 (5th Cir. 2009). There is no provision in the law allowing the district court to consider a successive petition merely because a petitioner asserts that he is actually innocent or the state court judgment is void; those claims should instead be presented to the court of appeals as justification for seeking leave to file a successive petition. *Butler v. Director, TDCJ-CID*, No. 6:10-cv-00134, 2010 WL 2024877 (E.D. Tex. May 18, 2010); *In re Warren*, 537 F.App'x 457 (5th Cir. 2013). Petitioner's satisfaction of the sanctions imposed on him is not relevant to the fact that he has not obtained permission from the Fifth Circuit to file a successive petition. In the absence of such permission, the district court lacks jurisdiction over his claims and thus cannot order discovery or a hearing. Petitioner's objections are without merit.

Having reviewed the magistrate judge's report and petitioner's objections de novo, the court overrules petitioner's objections and accepts the findings and recommendations of the magistrate judge's report. The court orders that the petition for the writ of habeas corpus is dismissed with prejudice as to its

refiling without permission from the Fifth Circuit, but without prejudice to its refiling once such permission has been obtained. A certificate of appealability is denied sua sponte, with the denial of this certificate referring only to appeal of this case and having no effect upon petitioner's right to seek permission to file a successive petition, nor upon his right to pursue his claims should such permission be granted.

*So ordered by the court on May 19, 2023.*

J. CAMPBELL BARKER
United States District Judge